#1

UNITED STATES OF AMERICA
(Plaintiff)

VS

MANGOL, JOHNSON
(Defendant)

CASE NO. 24-00037-01-CR-W-SRB

### DEFENDANTS MOTION REQUESTING NEW COUNSEL

COMES NOW MANGOL JOHNSON, Pro Se, requesting the courts to provide and appoint defendant new counsel for the following reasons listed in the Affidavit below:

I, Mangol Johnson, swear that the following is true and correct under the penalty of perjury.

1) On Feb 20, 2024 the grand jury returned an indictment charging Defendant with 2 federal crimes

2) On Feb 27, 2024 Assistant Federal Public Defender Marc Ermine was assigned to the case and has done absolutely nothing in defendants interest.

3) On June 5, 2024 Defendant wrote the courts a letter that was construed as a pro-se motion.

4) On June 18, 2024 the Courts conducted an attorney appointment hearing.

#2

In this hearing the courts concluded that Defendants counsel met with Mr. Johnson four or five times. The courts assumes these four or five meetings were to discuss Mr. Johnsons case in which was not the case. The meetings consisted of:

a) First time was a introduction to Mr. Johnson, at that point counsel had not even saw discovery yet.

b) Second time was a investigator for the counsel not counsel that met with Mr. Johnson. The meeting consisted of the investigator obtaining Mr. Johnsons family hearing. Elements of the case were not discussed as discovery had not been reviewed by client or attorney.

c) The Third time counsel appeared to discuss Mr. Johnsons immigration status, not defending the case, yet counsel informed Defendant that he was now in possession of the discovery.

d) The fourth time counsel appeared with investigator and told me that the Government needed a fall guy and I walked out on him and filed a ethics complaint.

At none of these meetings did counsel ever acknowledge that I explained to him that I was innocent number one. Number two that the Detective Riggins on my case is notorious for writing false statements and lying to the courts. Number three that the search warrant was filled with misleading and false information that once excised from the warrant the search of my residence was then unlawful and the evidence discovered in my house was obtained as fruits of the poisonous tree.

The search warrant indicates that prior to the execution

#3

of the "No Knock Search Warrant" no hand to hand transaction was witnessed by defendant, and the individuals whom police picked up did not mention Mr. Johnson as being involved in drug distribution, yet this was the misleading information provided to the courts to get a search warrant. The text messages in the discovery obtained from a cellphone not related to Mr. Johnson was used to implicate drug sales, except the messages are not from or to Mr. Johnson's phone number or device.

The evidence the government presented to get a warrant to search Mr. Mangul's residence was false and misleading, which resulted in a warrantless search lacking probable cause.

Mr. Johnson's counsel has failed to investigate the allegations, evidence, and the background of the officer, Detective Riggins and Wells of KCPD. The lawyers decision to not file motions on my behalf will cost me significantly and cause me to go to prison. This is a miscarriage of justice, as his defense will be the reason I'm sent to prison. I am innocent of the alleged conduct and counsels ineffectiveness and failure to track down the sources of information in which is a "stingray device", a illegal surveillance conducted by law enforcement where the anonymous source is not a person but a machine that the courts will try to hide using United States v Roviaro Sup Ct. case law to protect the source of the Governments information, as no person has provided information against Mr. Johnson and the source of information will prove to be a "Fourth Amendment Violation."

Defendants lawyer had abandon Mr. Johnson and is not fit for this case where it is not the lawyer who suffers from the failed defense, but the client. After the evidence is suppressed Mr. Johnson and his wife will be exonerated. According to Missouri Rules of Professional Conduct 1.7 this attorney must be removed as his conduct and ethics are in question and the comments he made to me, advising me that I will be the fall guy for conduct that im innocent of is what led to this request.

Justifiable Dissatisfaction inquiry focuses on the adequacy of counsel in the adversarial process. Here counsels failure to investigate the evidence, the detective who wrote the affidavit, or the reliability of anonymous sources has left Mr. Johnson will a crippled defense. This has nothing to do with how Mr. Johnson personally feels about counsel but addresses the legal defeciencies of counsel. Counsel has no strategy for defendant nor has Mr. Johnson and counsel went over the evidence together prior to court nor after. Counsel has not provided zealous and effective representation, nor has he reviewed discovery with defendant as court order states. With the evidence disclosed a great motion to suppress is warranted. Counsels failures to defend client is why no motions are being filed. These officers responsible for this indictment and discovery are under have records and history of corruption, had counsel researched this he would have reviewed the information in a different light. Furthermore I have not surrendered my second amendment rights to be charged with 18USC922 Wherefore Mr. Johnson request the courts provide new counsel.

#5

Respectfully Submitted,
*Margol Johnson*
Margol, Johnson

### CERTIFICATE OF SERVICE

I hearby swear that on the 8th day of July 2024, a true and correct copy of this motion was mailed to the district court whom will provide a copy to the proper parties.

Respectfully Submitted,
*Margol Johnson*
Margol, Johnson