IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

**UNITED STATES OF AMERICA**,
    *Plaintiff,*

v.                                     Case No. 24-CR-00037-01-SRB

**JOHNSON MANGOL**,
    *Defendant.*

**REPLY SUGGESTIONS IN SUPPORT OF
MOTION TO SUPPRESS**

Johnson Mangol submits this Reply Suggestions in Support of his Motion to Suppress (Doc. 54) and in response to the Opposition filed by the Government (Doc. 55).

**I. The application for search warrant was insufficient and did not set forth probable cause to search the apartment at 4801 Independence Avenue, 2E, Kansas City, Missouri because officers failed to provide sufficient facts establishing illegal activity.**

The Government cites *United States v. Jeanetta*, 533 F.3d 651, 654 (8th Cir. 2008) for the proposition that "probable cause can be founded on the 'observation of trained law enforcement officers or by circumstantial evidence[.]'" Pl.'s Opp'n to Def.'s Mot. To Suppress, at 4. A review of the facts in *Jeanetta* reveal that the officers obtained information from a confidential informant and conducted a controlled drug buy. *Jeanetta* at 653.

Rather than supporting the Government's position, *Jeanetta* supports

Mangol's position that the application in this matter was not supported by probable cause.  Unlike *Jeanetta*, the investigators in this case did not support their application with information from a reliable confidential informant, nor did they conduct any control buys from Mangol.  *See* Exhibit A.

Similarly, the Government cites *United States v. McGee*, 2023 WL 9105655, at *5 (W.D. Mo. Sept. 21, 2023)(Phillips, C.J.)[1] for the proposition that courts should conduct a "common-sense reading" of the affidavit in support of a search warrant. Pl.'s Opp'n, at 4. The investigation in *McGee* included two confidential sources reporting that McGee was selling drugs, surveillance of McGee, and a controlled buy with marked funds by one of the confidential sources. *McGee*, at *2-11. Additionally, officers conducted a traffic stop of McGee and located controlled substances.  *Id.* at *7.

The investigation in *McGee* involved information from sources that the investigators subsequently corroborated during the investigation.  The investigators did not simply suspect drug activity, they corroborated this suspicion through controlled buys, traffic stop of McGee during which controlled substances were seized, and surveillance. *McGee*, at *2-11. In contrast, the affidavit in Mangol did not include any information from confidential sources, did not include controlled buys, did not include marked funds, and did not include a traffic stop of Mangol in which controlled substances were seized.  *See* Exhibit A.

The Government then transitions to an argument that the statement that

---

[1] Adopted on December 5, 2023, 2023 WL 844031 (W.D. Mo. Dec. 5, 2023).

Mangol "established a pattern of drug-trafficking behavior with his drug-customers – all stemming from his apartment." Pl. Opp'n, at 4. This argument is riddled with problems. The nature and extent of "checking" on these suspicions to determine the credence of this information was completely lacking. *See Gillespie v. United States*, 368 F.2d 1, 5 (8th Cir. 1966). The suspicion by the investigators in this matter centered around "a pattern" of behavior and their conclusion that this behavior was drug-trafficking; however, this conclusion must be supported by corroborating evidence. The application fails to support the conclusions and suspicions with evidence.

**II. The Government cannot rely on exceptions to excluding evidence unconstitutionally obtained pursuant to *United States v. Leon*, 468 U.S. 897 (1984), because the affidavit in support of the warrant is 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Williams*, 976 F.3d 807, (8th Cir. 2020) (quoting *Leon* 468 U.S. at 923).**

Finally, the Government asserts that this Court should apply the *Leon* good faith exception and admit this evidence even if it is insufficient. Pl. Opp'n, at 5. Mere suspicion or conclusion is insufficient to support probable cause. *United States v. Taylor*, 599 F.2d 832, 836-37 (8th Cir. 1979), citing *Gillespie v. United States*, 368 F.2d 1, 4 (8th Cir. 1966). "[I]t is elementary that the magistrate or other official who issues a search warrant on the basis of an affidavit cannot rely on facts set forth in the affidavit which raise a mere suspicion or conclusion which he equates to a proper finding of probable cause." *Id*.

3

Case 4:24-cr-00037-SRB    Document 58    Filed 02/10/25    Page 3 of 6

The Government argues that Mangol failed to offer evidence to support the proposition that the Application does not fall within a good faith exception under *Leon*. *See* Doc. 55. Reliance on the warrant would not be in good faith if the affidavit in support is "so lacking in indicia of probable cause as to render official belief in its existence *entirely unreasonable*." *United States v. Dickerman*, 954 F.3d 1060, 1065 (8th Cir. 2020) (emphasis in original). As set forth in this Reply and the original Motion to Suppress, reliance on the application in this matter is entirely unreasonable. *See* Doc. 54. The application did not set forth sufficient facts establishing any of the following: that drug activity occurred; that Mangol conducted drug transactions; what type of controlled substance was sold; that confidential sources connected Mangol to drug activity; that confidential sources conducted controlled buys from Mangol; or that officers traced marked funds to controlled substance purchasers. *See generally* Exhibit A. The application contained no information about what or how much was purportedly sold to whom. The application points to a traffic stop of an individual; however, the application fails to establish that the controlled substance found on the person was sold by Mangol. *Id.*

In analyzing whether this exception is appropriate, the court considers a reasonably well-trained officer. *United States v. Fiorito*, 640 F.3d 338, 346 (8th Cir. 2011). A reasonably well-trained officer would know that corroboration and additional investigation was needed in this case. For example, a reasonably well-trained officer would interview the occupant of the Honda Civic to determine the

4

Case 4:24-cr-00037-SRB    Document 58    Filed 02/10/25    Page 4 of 6

source of the controlled substance found in his pocket. A reasonably well-trained officer would coordinate a controlled drug purchase from Mangol to provide corroboration, or to dispel, their suspicions. None of these investigative steps were taken or included in the application for search warrant.

## CONCLUSION

Mr. Mangol's Fourth Amendment rights were violated when officers conducted an unreasonable search of his apartment and seized several items of evidence. This search was not supported by probable cause and does not fall within the good-faith exception to the exclusionary rule. Therefore, Mr. Mangol requests this Court to suppress all evidence relating to this illegal search and seizure on January 26, 2023, to suppress any subsequent statements and evidence seized from Mr. Mangol, and for whatever relief this Court deems just and proper.

Respectfully Submitted,

SANDAGE LAW LLC


/s/ Laura O'Sullivan
Laura O'Sullivan, MO #41318
1600 Genessee Street, Suite 662
Kansas City, MO 64102
phone 816.753.0800
fax 816.735.4602
email laura@sandagelaw.com

ATTORNEY FOR DEFENDANT


## CERTIFICATE OF SERVICE

On February 10, 2025, I served this document by depositing an electronic copy of it in the Court's electronic filing system, which shall distribute notice to all attorneys of record.

/ s/ Laura O'Sullivan
Laura O'Sullivan