IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 24-00037-01-CR-W-SRB |
| JOHNSON A. MANGOL, | ) |
| Defendant. | ) |

## ORDER

On February 6, 2025, the grand jury returned a superseding indictment charging Defendant Johnson A. Mangol with possession with intent to distribute alprazolam in violation of 21 U.S.C. §§ 841(a)(1) and (b)(2); distribution of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); conspiracy to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846; possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Doc. 56.

During the arraignment on February 29, 2024, this matter was initially set on the April 29, 2024 trial docket. Doc. 15. Defense counsel orally requested a continuance to the June 3, 2024 trial docket based on needing "additional time to review the evidence to adequately prepare to represent the defendant in this matter." *Id*. The Court granted the motion. Docs. 15-16.

On April 19, 2024, defense counsel filed a motion to continue trial to the October 21, 2024 trial docket. Doc. 33. Therein, he explained additional time was needed to "review discovery, relevant law, conduct necessary investigation[,] and to meet and confer with Mr. Mangol regarding his legal options." *Id*. at 2. With no objection, the court granted the motion. Doc. 35.

After Defendant filed two pro se motions requesting the Court to appoint new counsel, and an attorney appointment hearing, the Court ordered the Federal Public Defender's office relieved as counsel in this matter. Docs. 36, 40, 42-43. The Court appointed Laura O'Sullivan as CJA counsel. Doc. 43.

On September 18, 2024, newly appointed defense counsel filed a motion to continue trial to the March 17, 2025 Joint Criminal Jury Trial Docket. Doc. 46. Therein, defense counsel explained she received discovery "on or about August 19, 2024" and it consists of "more than 5.69 GB of data," "reports, documents and photos, audio, video, and not yet-produced phone downloads." *Id*. at 1. Further, she stated additional time was needed "for the continued review of discovery, to hire and consult with any necessary experts, to determine whether any pretrial motions are to be filed, to continue plea negotiations, and to have the time necessary for counsel's effective preparation." *Id*. at 2. With no objection, the Court granted the motion. Doc. 47. This matter is currently set on the March 17, 2025 Joint Criminal Jury Trial Docket. *Id*.

On February 10, 2025, defense counsel filed the pending motion to continue trial to the July 7, 2025 Joint Criminal Jury Trial Docket. Doc. 59. Therein, she explains the grand jury returned a superseding indictment on February 6, 2025, adding "five charges as well as charging additional offense dates as far back as 2020," which "include allegations of events not previously charged." *Id*. at 2. Further, she received supplemental discovery on January 7, 2025 and February 7, 2025 which consists of reports, documents, photos, audio, and video. *Id*. at 1-2.

Defense counsel also indicates she filed a motion to suppress evidence on January 13, 2025, and "[t]he outcome of the litigation of pretrial motions will substantially impact the preparation of this matter for trial or settlement." *Id*. at 2. "Mr. Mangol and undersigned counsel require additional time to litigate pretrial motions, to review discovery . . . to prepare to defend these

2

additional charges, to continue plea negotiations, and to have time necessary for counsel's effective preparation." *Id*. Defense counsel indicates she has notified Defendant Mangol and Government counsel of the requested continuance, and neither object. *Id*. at 3.

In any case in which a plea of not guilty is entered, the defendant's trial shall commence within seventy days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last. 18 U.S.C. § 3161(c)(1) (Speedy Trial Act). In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reasons for such finding. *See* 18 U.S.C. § 3161(h)(7)(A).

Further, the Eighth Circuit has observed that time spent to pursue plea negotiations is also excludable when the time is encompassed within "ends-of-justice findings." *See United States v. Bonilla-Filomeno*, 579 F.3d 852, 857 (8th Cir. 2009); *see also United States v. Van Someren*, 118 F.3d 1214, 1218-19 (8th Cir. 1997) (recognizing delay attributable to plea negotiations is excludable as a "proceeding involving defendant" under 18 U.S.C. § 3161(h)(1)).

In light of the recent superseding indictment, and defense counsel needing additional time to litigate pretrial motions, review discovery, prepare to defense the additional charges, continue plea negotiations, and have the time necessary for effective preparation, the Court finds it would be unreasonable to expect counsel to prepare this case for trial prior to March 17, 2025, and thus, would deny Defendant a right to effective assistance of counsel. Upon consideration of the factors set forth in 18 U.S.C. § 3161(h)(7)(B), the Court finds the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial. The

Court, in ordering this case removed from the March 17, 2025 Joint Criminal Jury Trial Docket, is not doing so because of congestion of the Court's calendar, in accordance with 18 U.S.C. § 3161(h)(7)(C).

For these reasons, it is

ORDERED that Defendant's Motion to Continue (Doc. 59) is **GRANTED**.  This case is removed from the Joint Criminal Jury Trial Docket which commences March 17, 2025, and is set for trial on the Joint Criminal Jury Trial Docket which commences July 7, 2025.  It is further

ORDERED that the time between the date of this Order and July 18, 2025, which is the last day of the July 7, 2025 Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence pursuant to 18 U.S.C. § 3161(h).

**IT IS SO ORDERED.**

DATE: February 11, 2025                     _/s/ W. Brian Gaddy_
                                            W. BRIAN GADDY
                                            UNITED STATES MAGISTRATE JUDGE